**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021[*]
Decided March 12, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 19-2938

| | |
|---|---|
| JOHNNY MURRAY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 18-cv-2234 |
| | |
| JOHN BALDWIN, et al., | Colin S. Bruce, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Johnny Murray, a state inmate, filed a grievance complaining of conditions in his prison cell. Relying on an internal report that the cell's problems were fixed, prison administrators denied the grievance. Murray sued the administrators, alleging that their failure to remedy his cell's conditions and their reliance on that report, which Murray

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

says was a lie, violated the Eighth Amendment. The district court ruled that Murray failed to exhaust his administrative remedies and entered summary judgment for the defendants. But even if Murray had exhausted his administrative remedies, he has pleaded himself out of court on the merits of his claim, so we affirm.

To address "inhumane" conditions in his cell at Danville Correctional Center in Illinois, Murray filed a grievance, seeking cleaning supplies or a transfer to another cell. Murray alleged that water leaked from overhead, causing mold, wastewater flushed from a neighboring cell into his toilet, and roaches, spiders, gnats, and mice infested his cell. He did not name any wrongdoers. A counselor reviewed the complaint and told Murray that an aide to Kim Larson, Danville's assistant warden, had reviewed the conditions in his cell and reported that the issues were resolved. Dissatisfied, Murray advanced his complaint to a grievance officer, who, in agreement with Victor Calloway, Danville's warden, denied the grievance. Murray then appealed his grievance to the Administrative Review Board, which also denied it. John Baldwin, the Director of the Illinois Department of Corrections, concurred in the denial.

Murray's next step was this suit. As relevant on appeal, he sued Director Baldwin, Warden Calloway, and Assistant Warden Larson under 42 U.S.C. § 1983. He alleged that, after "the defendants [were] notified" that Larson's aide reported that the conditions in his cell were resolved, they did not further address those conditions and therefore they subjected him to cruel and unusual punishment. U.S. CONST. amend. VIII. Baldwin moved to dismiss the claim against him on the basis that Murray failed to allege that he was "personally involved." *See* FED. R. CIV. P. 12(b)(6). The district court denied that motion, reasoning that the Director's awareness of the grievance supported his involvement. But it later granted the defendants' motion for summary judgment based on Murray's failure to exhaust his administrative remedies. The district court reasoned that, in Illinois, a grievance must include "the name of each person who is … involved in the complaint" or, alternatively, "as much descriptive information" as possible. ILL. ADMIN. CODE tit. 20, § 504.810(c). As a result, because Murray's grievance did not name the defendants, it did not put them on notice that Murray submitted it against them. The court added that prison officials cannot be held liable under § 1983 for denying grievances.

On appeal, Murray argues that the district court erred in concluding that he had not exhausted his administrative remedies. He contends that the court ignored his explanation that, when he filed the grievance, he did not know the names of those

responsible for his cell's conditions. It should have been enough, he maintains, that he submitted his grievance to the reviewing officials who, he believed, could help.

We need not resolve the exhaustion issue, for even if the exhaustion rule of § 504.810(c) did not require Murray to submit a grievance naming the defendants, we may affirm the judgment on other grounds supported in the record. *See Sonnleitner v. York*, 304 F.3d 704, 717 n.8 (7th Cir. 2002). We do so here because Murray has pleaded himself out of court on the merits of his § 1983 claim. According to Murray, "the defendants [were] notified" by Larson's aide that the aide assessed the conditions in Murray's cell and reported that the problems there were rectified. Section 1983 does not impose liability on those, like defendants, who reasonably rely on an aide's report when rejecting the assertions in a grievance. *See Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). Murray replies on appeal that the aide (who is not a defendant) lied in the report. But prison administrators are not liable under Section 1983 for misdeeds (i.e., lies) of their subordinates unless they knew about and approved them. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). And Murray did not allege in his complaint or argue on appeal that any of the defendants knew that the aide lied to them. Therefore, Murray's allegations that the aide reported to the defendants that his cell's problems were resolved refute his legal conclusion that the defendants culpably ignored the conditions described in his grievance.

AFFIRMED